LITLE BROTHERS FERTILIZER AND PHOSPHATE COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, PLAINTIFF IN ERROR, VS. JAMES W. WILMOTT, DEFENDANT IN ERROR.

1. No recovery can be had against one party for money expended at the request of another, in no way authorized cr empowered to bind the party sued.

.2. There is no error in refusing to permit the withdrawal of a plea to the merits, for tne purpose of interposing a plea insisting upon the statutory privilege of being sued in some county other than that in which suit is pending.

Writ of Error to the Circuit Court for Polk County.

The facts of the case are stated in the opinion of the court.

*H. H. Buckman,* for Plaintiff in Error.

No appearance for Defendant in Error.

PER CURIAM.

This cause having been reached in its regular order for final adjudication, was referred by the court to its commissioners for examination, who have reported that the judgment should be reversed.

After due consideration of the case upon the abstracts of the record, submitted without exception, the court finds that the suit was insituted against the plaintiff in error by defendant in error, and the issue tried before a referee was upon an account for money paid and expend-

ed by the plaintiff for the defendant company at its request.

The question in the case is whether the plaintiff in error, defendant in the court below, was liable to the plaintiff for money paid by him for an option on a proposed purchase of phosphate land. It appears from a writing purporting to be the option, that it was made by and between J. H. Tatum and Little Brothers, and it also appears without contradiction that Little Brothers was a partnership firm composed of Lockhart Little and J. A. Little engaged in buying and selling phosphate land distinct from the defendant corporation.

We will not set out the testimony, but have carefully examined it, and, in our judgement, it does not warrant a finding that the plaintiff below paid money on the option by the authority or at the request of the defendant corporation. Its tendency is to show that plaintiff paid the money at the request of Little Brothers, or the individual members composing that firm, but fails to show liability on part of the defendant corporation.

There was no error in the refusal of the referee to allow the defendant below to withdraw the plea of the general issue and to interpose a plea of privilege to be used in another county than that in which the suit was instituted. We call attention, however, to one of the additional pleas filed by defendant. It appears that defendant by leave of the referee filed a plea of the statute of limitations and no issue was joined upon it. As the judgment must be reversed on another ground, we do not determine whether the failure to join issue on the plea would be reversible error under the circumstances of the case. In

the event of another trial the parties can take some action in reference to framing an issue upon the plea.

The judgment is reversed and a new trial awarded.